No. 05-198

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 227N

_____

STATE OF MONTANA,

      Plaintiff and Respondent,

    v.

GREGORY R. RAMSAY,

      Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DC 04-379
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        William Boggs, Attorney at Law, Missoula, Montana

      For Respondent:

        Hon. Mike McGrath, Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

        Fred Van Valkenburg, County Attorney; Andrew Paul, Deputy County
Attorney, Missoula, Montana

_____

Submitted on Briefs:  August 8, 2006

Decided:  September 12, 2006

Filed:

_____
                   Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Gregory R. Ramsay (Ramsay) appeals from the District Court's denial of his motion to dismiss charges of disorderly conduct and misdemeanor possession of marijuana.  Missoula County sheriff deputies arrested Ramsay following an incident in the Missoula County Courthouse.  The State charged Ramsay with disorderly conduct. Ramsay failed to appear for his scheduled court date on the charge and the Justice Court issued a bench warrant for Ramsay's arrest.  Ramsay was arrested nearly a year later on the bench warrant, and the arresting officers discovered marijuana in his possession at the time of his arrest.  The State charged Ramsay with criminal possession of dangerous drugs, in violation of § 45-9-102, MCA, and consolidated the case with Ramsay's pending disorderly conduct charge.

¶3      Ramsay filed separate motions to dismiss in both cases.  Ramsay argued first that the affidavit of probable cause failed to allege facts sufficient to support the charge of disorderly conduct.  Ramsay alleged that the crime of disorderly conduct requires more extreme behavior than simply quarrelling and not leaving an area when requested to do so by a police officer.  With respect to the marijuana claim, Ramsay contended that § 45-9-

2

102, MCA, is unconstitutionally vague in that it appears to entitle the ultimate user of a drug to possess it. Justice Court denied both motions to dismiss, and Ramsay appealed to the District Court. The District Court affirmed. This appeal followed.

¶4 Whether to grant or to deny a motion to dismiss in a criminal case constitutes a question of law that we review de novo. *State v. White Bear*, 2005 MT 7, ¶ 5, 325 Mont. 337, ¶ 5, 106 P.3d 516, ¶ 5. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that Ramsay's appeal lacks merit. Settled Montana law clearly controls the legal issues presented, and the District Court correctly interpreted these legal issues.

¶5 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON